UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID CARMINE LETTIERI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE BROOME COUNTY HUMANE SOCIETY, DEPARTMENT OF JUSTICE, and FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　　　Defendants. | **MEMORANDUM & ORDER**<br>23-CV-07777 (HG) (MMH) |
| DAVID CARMINE LETTIERI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES QUINN AURICCHIO, MICHAEL J. ROEMER, LAWRENCE JOSEPH VILARDO, and PAUL E. BONANNO,<br><br>　　　　　　Defendants. | 23-CV-07830 (HG) (MMH) |

**HECTOR GONZALEZ**, United States District Judge:

　　Plaintiff was convicted at trial earlier this year, in the U.S. District Court for the Western District of New York, for enticement of a minor in violation of 18 U.S.C. § 2422(b) and is currently detained in a county jail located in that district while awaiting sentencing. *See United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at *1 (W.D.N.Y. Oct. 6, 2023) (denying plaintiff's post-trial motions for judgment of acquittal or for a new trial). Based on the Court's review of publicly available dockets in the Western District, Plaintiff has filed nearly 50 civil cases, many of which he has purportedly brought on an *in forma pauperis* basis, seeking

permission to commence those cases without prepaying the district's filing fee. In response, the Western District has commenced a miscellaneous proceeding in which it has ordered Plaintiff to show cause why he should not be prohibited from filing any new actions without paying the applicable filing fees or submitting proper requests for *in forma pauperis* status. *See In re David C. Lettieri*, No. 23-mc-32 (W.D.N.Y. filed Sept. 5, 2023) (ECF No. 1).

Plaintiff has also filed two civil complaints in this District, each of which is accompanied by a request to proceed *in forma pauperis*. In the first of these cases, Plaintiff purports to be acting as the administrator of the estate of an apparently deceased relative and alleges that the Broome County Humane Society unlawfully entered his relative's home and took his relative's dog. *Lettieri v. The Broome County Humane Society*, No. 23-cv-7777 (E.D.N.Y. filed Oct. 10, 2023) (ECF No. 1). Although Plaintiff's complaint in that case names as Defendants the U.S. Department of Justice and the Federal Bureau of Investigation, his complaint makes no attempt to explain what role any employee of those agencies—or any other federal employee—played in the events giving rise to Plaintiff's purported claim against the humane society. *Id.* In the second case, Plaintiff asserts claims for damages against the district judge and magistrate judge who presided over his criminal proceedings in the Western District, along with an Assistant U.S. Attorney who participated in the case and one of Plaintiff's own defense attorneys. *Lettieri v. Quinn*, No. 23-cv-7830 (E.D.N.Y. filed Oct. 16, 2023) (ECF No. 1). The basis for Plaintiff's damages claim is unclear, but he appears to assert that the facts alleged in the indictment against him were sufficiently different from the facts presented at trial, such that the Court should infer that the Government committed some kind of misconduct before the grand jury. *Id.*

The statute that authorizes plaintiffs to receive *in forma pauperis* status also contains a prohibition, commonly known as the "three strikes rule," that provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Dismissing the complaint is the proper remedy when a plaintiff seeks *in forma pauperis* status but is ineligible to receive such status under 28 U.S.C. § 1915(g). *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) ("The district court correctly concluded that [the plaintiff] was barred by the [Prison Litigation Reform Act's] three strikes provision from proceeding [*in forma pauperis*], and, therefore, properly dismissed his complaint.").[1] A district court need not hold an incarcerated plaintiff's lawsuit "in abeyance until he is able to pay the filing fees," so long as the dismissal is "without prejudice to [the plaintiff's] right to file new actions with payment of the filing fees." *Akassy v. Hardy*, 887 F.3d 91, 98 (2d Cir. 2018) (holding that "the district court plainly ha[d] the authority to dismiss an action filed in contravention" of 28 U.S.C. § 1915(g) and did not "abuse [its] discretion" by dismissing plaintiff's case without prejudice).

Plaintiff falls within this prohibition because at least three of the cases that he has filed in the Western District on an *in forma pauperis* basis were dismissed *sua sponte* for failure to state a claim before Plaintiff commenced either of his two cases in this District. *See Lettieri v. W. Dist. of N.Y.*, No. 23-cv-770 (W.D.N.Y. Sept. 11, 2023) (ECF No. 7) (granting plaintiff *in forma pauperis* status but dismissing complaint based on alleged failure by clerk's office employees to mail case filings pursuant to "28 U.S.C. §§ 1915(e)(2)(B) and 1915A on the basis of immunity");

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

*Lettieri v. U.S. Dep't of Justice*, No. 23-cv-866 (W.D.N.Y. Sept. 19, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint against Assistant U.S. Attorney based on alleged violations of Federal Rules of Evidence at criminal trial "under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)"); *Lettieri v. Vilardo*, No. 23-cv-6498 (W.D.N.Y. Sept. 21, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint because judge who presided over plaintiff's criminal trial was immune from civil suit based on his decisions related to the parties' proposed jury instructions).  Neither Plaintiff's complaints nor his applications for *in forma pauperis* status make any attempt to allege that he is in imminent danger of serious physical injury that would override the prohibition in 28 U.S.C. § 1915(g).

Dismissing Plaintiff's claims pursuant to the three-strikes rule in 28 U.S.C. § 1915(g) is procedurally proper even though Plaintiff's *in forma pauperis* applications are incomplete.  The *in forma pauperis* statute only exempts incarcerated plaintiffs from prepaying the fee to commence a case and authorizes courts to collect the fee over time from a plaintiff's prison account even if a court grants *in forma pauperis* status.  *See* 28 U.S.C. § 1915(b).  To facilitate this collection process, the Second Circuit has required incarcerated plaintiffs seeking *in forma pauperis* status to file a signed form authorizing such collection "before making any assessment of whether an appeal should be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."  *Leonard v. Lacy*, 88 F.3d 181, 182 (2d Cir. 1996).  Although Plaintiff has provided the Court with information about the balance of his account maintained by the facility where he is incarcerated, he has not provided the form authorizing the Court to collect money from that account.  However, even though Plaintiff's failure to provide the authorization form arguably precludes the Court from screening the merits of his claims, pursuant to 28 U.S.C. § 1915(e), it does not preclude the Court from dismissing Plaintiff's claims without prejudice

4

pursuant to 28 U.S.C. § 1915(g). Such a dismissal denies Plaintiff *in forma pauperis* status without assessing the merits of his claims, requires him to pay the filing fee upfront, and does not trigger the process by which the Court may collect the filing fee in installments from Plaintiff's prison account. *See Meyers v. Birdsong*, __ F.4th __, 2023 WL 6614357, at *3 (9th Cir. 2023) (holding that "§ 1915(b) neither permits nor requires the collection of fees" from a prisoner who seeks *in forma pauperis* status but whose request is denied pursuant to 28 U.S.C. § 1915(g)); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29–30 (D.C. Cir. 1999) (holding that prisoner whose request for *in forma pauperis* status was denied pursuant to 28 U.S.C. § 1915(g) was not required to pay filing fee out of prison account).

Finally, if Plaintiff attempts to re-file these cases, even if he were to pay the necessary filing fees, any such cases filed in this District would almost certainly be dismissed for lack of venue. Generally, a case must be filed in a judicial district where at least one defendant resides or in a judicial district where the facts giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Accordingly, the appropriate venue for Plaintiff's claims against the Defendants involved in his criminal trial is the Western District of New York, and the appropriate venue for his claims against the Broome County Humane Society is the Northern District of New York. *See* 28 U.S.C. § 112(a) (defining the Northern District of New York to include Broome County).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's applications to proceed *in forma pauperis* are denied, and these cases are dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is respectfully directed to enter separate judgments, to close each case, and to mail copies of this order and the forthcoming judgments to Plaintiff. The Clerk of Court is

further directed to mail a copy of this order to the Clerk of Court for the Western District of New York.

If Plaintiff wishes to reassert his claims, he must file new actions in a district court where venue is proper and pay the $402.00 filing fee for each case to the Clerk of Court for that district. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                      United States District Judge

Dated: Brooklyn, New York
        October 25, 2023